[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13893
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-00014-AW-GRJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON TERELL STEVENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 4, 2021)

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

We vacate our previous opinion and substitute the following in its place.

\*      \*      \*

Brandon Stevenson appeals the district court's order denying his motion to reduce his sentence under Section 404(b) of the First Step Act of 2018. Pub. L. 115-391, § 404, 132 Stat. 5194, 5222 (2018). He argues that the district court erred in concluding that it did not have the authority to reduce his sentence. Additionally, he contests the district court's alternative holding that, even if it had authority to reduce his sentence, it would not do so.

We review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review the district court's denial of an eligible movant's request for abuse of discretion. *Id.* A district court abuses its discretion when it applies the incorrect legal standard, makes clearly erroneous factual findings, or commits a clear error of judgment. *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (citations omitted).

Just over ten years ago, Congress reduced the sentencing disparity between crack and powder cocaine offenses through the Fair Sentencing Act. Pub. L. No. 111-220, § 404, 124 Stat. 2372, 2372–73 (2010); *see Dorsey v. United States*, 567 U.S. 260, 268–69 (2012). Specifically, Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)–(2); *see also* 21

2

U.S.C. § 841(b)(1)(A)(iii), (B)(iii). Those amendments did not apply retroactively. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

The First Step Act changed that. It made those amended statutory penalties apply retroactively if a pre-Fair-Sentencing-Act defendant had committed a covered offense. *See* First Step Act § 404. Under Section 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* at § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* at § 404(a). The First Step Act further provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* at § 404(c).

In *United States v. Taylor*, 982 F.3d 1295 (11th Cir. 2020), we held that "the First Step Act's definition of a 'covered offense' covers a multidrug conspiracy offense that includes *both* a crack-cocaine element *and* another drug-quantity element." 982 F.3d at 1300. We then noted that Taylor's specific offense was "conspiring to possess with intent to distribute at least 5 kilograms of powder cocaine and at least 50 grams of crack cocaine" and concluded that "his offense [was] a covered offense." *Id.* at 1301. Similarly, Stevenson was convicted of

3

conspiring to possess with intent to distribute at least 5 kilograms of powder cocaine and at least 50 grams of crack cocaine before the Fair Sentencing Act became effective. Based on its understanding of *Taylor*, the United States concedes on appeal that "Mr. Stevenson was eligible for consideration of First Step Act relief."

But, although the United States concedes Stevenson "is eligible for relief under Section 404 of the First Step Act," the United States argues that the district court properly exercised its discretion to deny relief. A district court is never required to reduce a defendant's sentence under Section 404(b). *Jones*, 962 F.3d at 1304. Instead, it has "wide latitude" in deciding whether to exercise its discretion to reduce a sentence. *Id.* The court may consider the 18 U.S.C. § 3553(a) sentencing factors, as well as any other information relevant to its decision, including "its previous findings regarding the quantities of crack and powder cocaine involved in the conspiracy, and the fact that the powder cocaine element of [the defendant's] offense still triggers the highest tier of statutory penalties." *Taylor*, 982 F.3d at 1302; *see Jones*, 962 F.3d at 1301, 1304. And if we can discern from the record that the district court would decline to exercise its discretion to award a sentence reduction, then remand would be futile and is not required. *See United States v. Hersh*, 297 F.3d 1233, 1250–54 (11th Cir. 2002).

Here, the district court alternatively held that it would not reduce Stevenson's sentence even if it had the authority to do so. In explaining its alternative holding,

the district court analyzed the 18 U.S.C. § 3553(a) factors. It noted Stevenson's rehabilitative efforts but concluded that those efforts were insufficient to warrant a reduction in light of other circumstances, such as Stevenson's criminal history and the significant amount of drugs involved in the conspiracy. *See Taylor*, 982 F.3d at 1302; *Jones*, 962 F.3d at 1301, 1304. It also noted that the President had commuted Stevenson's sentence from life imprisonment to 210 months, which would be the low-end of his recommended Guidelines range if it were recalculated today.

The district court did not abuse its discretion in declining to reduce Stevenson's sentence. *See Jones*, 962 F.3d at 1304. The district court did not apply the wrong legal standard, fail to follow proper procedure, or make a clear error of judgment. *See Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015). Because the district court provided a reasoned explanation for its decision, a remand for further consideration would be futile. *See Hersh*, 297 F.3d at 1250–54.

**AFFIRMED.**

5